IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. WEBB, JR., | § | |
| | § | |
| Defendant Below, | § | No. 467, 2022 |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. Id Nos.  1902015015, 1904001943, |
| | § | &  1906000296 (N) |
| Appellee. | § | |

Submitted:  May 22, 2024
Decided:  July 10, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### **ORDER**

This 10th day of July, 2024, after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  William J. Webb, Jr. has appealed his convictions in the Superior Court of one count each of stalking, act of intimidation, and criminal contempt, and forty-seven counts of breach of conditions of bond.  For the reasons that follow, we affirm the Superior Court's judgment.

(2)  Webb was arrested on three separate occasions in 2019.  Webb's first arrest, on February 14, 2019, resulted from an incident reported by Patricia Burgess, the mother of Webb's child.  Burgess, who had a no-contact order in place against

Webb, told officers that Webb had grabbed her by her hair and taken her car keys and car. Webb was arrested again—once more in February and again in April—after contacting Burgess in violation of the no-contact order.

(3) In June 2019, Webb was indicted on charges stemming from the three arrests plus additional charges resulting from Webb's breach of the no-contact order. The charges included robbery first and second degree, theft of a motor vehicle, offensive touching, non-compliance with bond, act of intimidation, stalking, harassment, breach of conditions of bond, criminal contempt, and misuse of the mail. The State entered a *nolle prosequi* on, and the Superior Court dismissed, certain charges;[1] the remaining charges were scheduled for a single trial.

(4) Webb was provided with court-appointed counsel from the Office of Defense Services ("ODS"). At a February 25, 2019 preliminary hearing in the Court of Common Pleas, Webb complained that his counsel, then Andrew J. Meyer, was not providing effective representation. The court advised Webb he could "discuss any issues [he] had with [his] attorney,"[2] after the hearing, but Webb demanded that the court "give [him] a counsel waiver form right now"[3] so that he could represent himself. Because Webb continued to interrupt the hearing, he was removed from the courtroom but continued to be represented by Meyer at the hearing. After Meyer

---

[1] App. to Opening Br. at A1–85.
[2] *Id.* at A101.
[3] *Id.* at A102.

withdrew as Webb's counsel, Brian J. Chapman, also from the ODS, was appointed. Chapman represented Webb at an April 2019 preliminary hearing. Following that hearing, Chapman withdrew and Jonathan Layton from the Office of Conflicts Counsel was appointed.

(5) In July 2019 the court ordered a psychological evaluation to determine whether Webb was competent to stand trial. While the results of that evaluation were pending, Webb filed a *pro se* "motion for self-representation." After Webb was deemed competent to stand trial, the Superior Court held a case review and addressed Webb's motion. At that hearing Dade Werb from the Office of Conflicts Counsel replaced Layton as Webb's appointed attorney. After speaking with Webb, the court determined that he wished to remain represented and considered the motion withdrawn.[4]

(6) Two months later, however, Webb filed a motion to disqualify Werb. The motion requested Werb's disqualification, in part, on the grounds that "Mr. Werb worked at the Public Defender's office when [d]efendant threatened an [a]ssociate friend of Mr. Werb's" and that "[Webb] ha[d] filed a lawsuit against Mr.

_____

[4] *Id.* at A169 (The Court: "So you prefer to have an attorney? Am I correct? The Defendant: "Yes." . . . The Court: "I will consider the request to represent yourself withdrawn based upon the kind of communication that you've have with the Court.").

3

Werb and [h]is [l]aw [f]irm."[5]  Webb did not request new counsel in the motion nor did he request to represent himself *pro se*.[6]

(7)    Werb also filed a motion to withdraw as Webb's counsel.  In the motion Werb averred that the "appointment arose because Mr. Webb had previously threatened physical harm and/or civil lawsuits upon his prior three attorneys[.]"[7]  The motion stated that Webb had threatened Werb:  by telephone message, including a voicemail telling Werb to "go kill himself before I catch his f…cking a[...]s"; in multiple letters, that stated:  "keep up your n…..d ways g[…]p and you aren't going to be breathing"; and with civil lawsuits against Werb and his law firm.[8]  Werb also testified that Webb told him that he was fired and refused to cooperate with his efforts to represent him in any way.[9]  In the motion to withdraw, Werb argued that Webb had forfeited his right to appointed counsel under *Bultron v. State*, a case in which this Court held that a criminal defendant's right to appointed counsel may be forfeited by "extremely serious misconduct."[10]

(8)    The Superior Court denied Webb's motion to disqualify and granted counsel's motion to withdraw.  In so doing, the court told Webb that it had "probably

[5] Motion to Disqualify Counsel at 1–2, *State v. Webb*, Docket No. 29, C.A. No. 1906000296 (Del. Super. Ct. Feb. 25, 2020).
[6] *Id.*
[7] App. to Opening Br. at A171.
[8] *Id.* at A172.
[9] *Id.* at A173, A178.
[10] *Id.* at A173 (citing *Bultron v. State*, 897 A.2d 758, 761 (Del. 2006)).

appointed all the attorneys that anyone is going to appoint for you. You've gone through at least three, maybe four different attorneys who have all had to withdraw from your representation, so it looks like you're going to have to represent yourself in regards to the matter."[11] The court also declined to appoint standby counsel.

(9) Webb represented himself at trial and was convicted on all charges. Because Webb was convicted of felony stalking—a violent felony—and he had prior violent felony convictions, the State moved to declare Webb a habitual offender under 11 *Del. C.* § 4214(d). The motion was granted, and Webb was sentenced as a habitual offender to 25 years at Level V.

(10) On appeal, Webb argues that the Superior Court erred by "forcing Webb to proceed *pro se* without first engaging in a proper colloquy to determine that Webb was knowingly and intelligently waiving his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, § 7 of the Delaware Constitution."[12] The State responds that Webb did not waive, but forfeited, his right to court-appointed counsel based on his "extremely serious misconduct" toward counsel.[13]

(11) We agree that the question is whether Webb forfeited his right to counsel. "If a defendant's behavior is sufficiently egregious, it will constitute

---

[11] *Id.* at A178.
[12] Opening Br. at 21.
[13] Answering Br. at 18.

5

forfeiture. Forfeiture, unlike waiver, does not require [*pro se*] warnings or a warning to discontinue bad conduct."[14]  Accordingly, we do not address the parties' arguments as to whether a proper *pro se* colloquy occurred; we consider only whether the Superior Court abused its discretion by refusing to appoint new counsel and "forcing Webb to proceed *pro se*[.]"

(12)   The Superior Court's decision not to appoint new counsel is reviewed by this Court for an abuse of discretion.[15]  An abuse of discretion occurs only if the trial court's decision is based on "clearly unreasonable or capricious grounds."[16]

(13)   In *Bultron v. State*, this Court held that the defendant engaged in "extremely serious misconduct" by displaying "insulting and unacceptable behavior" toward appointed counsel that was intended to "prevent the trial from going forward."[17]  The defendant's conduct was sufficient to warrant a forfeiture even though it "fell short of violence or threats."[18]

(14)   The record here shows, and Webb does not deny, that he threatened to kill his court-appointed counsel.  Webb also harassed, refused to cooperate with, and filed civil lawsuits against, his counsel.  Webb's conduct was more than sufficient

---

[14] *See Bultron*, 897 A.2d at 765 ("Forfeiture can be found regardless of whether the defendant has been warned about engaging in misconduct, and regardless of whether the defendant has been advised of the risks of proceeding *pro se*."") (quoting *United States v. Goldberg*, 67 F.3d 1092, 1100 (3d Cir. 1995)).
[15] *Bultron*, 897 A.2d at 765.
[16] *Id.* at 762.
[17] *Id.* at 766.
[18] *Id.*

to support a finding of "extremely serious misconduct" warranting forfeiture under *Bultron*.[19] Accordingly, the Superior Court did not abuse its discretion by refusing to appoint Webb additional or standby counsel and directing Webb to proceed *pro se*. Although the court did not use the words "forfeit" or "forfeiture," the court's statement was the functional equivalent of a forfeiture finding, one that is amply supported by the record.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[19] In addition to Werb's testimony and the affidavit accompanying his Motion to Withdraw, the Superior Court was in possession of a letter from Webb to the prothonotary dated March 10, 2019, in which Webb, using both profanity and racial slurs, threatened to "kill [Meyer] and put his head in front of the court house." App. to Answering Br. at B1–B3.

7